**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

MELVIN BROWN,      :
             :   Civil Case No. _____
             :
             :
        Plaintiff, :
             :
v.             :
             :
CAPITAL ONE (USA), N.A.,   :
             :
       Defendant. :
_____:

## COMPLAINT AND DEMAND FOR JURY TRIAL

   COMES NOW, Plaintiff, Melvin Brown, by and through the undersigned counsel, and sues Defendant, Capital One Bank (USA), N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

   1.  The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

   2.  "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

   3.  "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner

1

at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: "telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Comm., (May 27, 2015), https://apps.fcc.gov/edocs_public/attach-match/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.     The alleged violations described herein occurred in Hinds County, Mississippi.

8.     Defendant's headquarters are located at 1680 Capital One Drive, McLean, Virginia 22102.   Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Terry, Hinds County, Mississippi.

10.    Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.    Defendant is a corporation which was formed in Virginia with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102, and which conducts business in the State of Mississippi.

12.    Defendant called Plaintiff approximately two hundred fifty (250) times in an attempt to collect an alleged debt.

13.    Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C §

227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because he heard a pause when he answered his cellular telephone before a voice came on the line and/or he received pre-recorded messages from Defendant.

14.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (601) ***-8138, and was the called party and recipient of Defendant's calls.

15.     Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (601) ***-8138 in an attempt to collect on an alleged debt connected to a Capital One card.  (Please see attached "Exhibit A" representing a non-exclusive call log for the aforementioned cellular telephone number).

16.     The auto-dialer calls from Defendant were initiated from telephone numbers including, but not limited to: 800-955-6600, and when that number is called an artificial voice answers "Thanks for calling Capital One. Please say or enter your sixteen-digit card number."

17.     On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone.

18.     On or about May 5, 2017, Plaintiff received a call from the Defendant, held the line to be connected to an agent/representative, was eventually connected to Defendant's agent/representative, explained that he had not used the credit card in years, disputed that there was a balance on the account, and demanded that Defendant stop calling his cellular telephone.

19.     During the aforementioned phone conversation on or about May 5, 2017 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by use of an automatic telephone dialing system and/or pre-recorded or artificial voice.

20.     Each subsequent call the Defendant made to Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

21.     Each subsequent call the Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willful.

22.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have had to call his aforementioned cellular telephone number.

23.     Additionally, on or about June 13, 2017, due to the continued automated calls, Plaintiff answered a call from the Defendant, held the line to be connected to an agent/representative, was eventually connected to Defendant's agent/representative, advised the agent that he had not used the card in years, and demanded again that Defendant stop calling his cellular telephone.

24.     Defendant has willfully and/or knowingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number numerous times per day, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

25.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

26.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

27.     Defendant's corporate policy is structured to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

28.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

29.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

30.     Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

31.     Deefndant's corporate policy provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendant's call list.

32.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

33.     Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

35.     From each call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

36.     From each call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from Defendant's call.

37.     From each call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

38.     Each call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the

usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

39.     Each call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

40.     Each call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's cellular telephone or network.

41.     Each call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

42.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress and aggravation.

## COUNT I
### (Violation of the TCPA)

43.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-two (42) as if fully set forth herein.

44.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

45.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial

voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

      **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Capital One Bank (USA), National Association, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

      Respectfully submitted,

By:    */s/ Kristi C. Kelly*

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey Nash, Esq., VSB #84261
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572 - Telephone
(703) 591-0167 - Facsimile
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com


Shaughn C. Hill, Esq. (pro hac vice forthcoming)
Morgan & Morgan
Consumer Protection Group
201 North Franklin St.
7th Floor
Tampa, FL 33602
(813) 225-6740
Email: SHill@ForThePeople.com
*Counsel for Plaintiff*